# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17cr0648-GPC |
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| WALTER ROVIDIO IPINA (1), | |
| Defendant. | |

WHEREAS, in the Second Superseding Indictment returned in this case, the United States sought forfeiture of all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense, and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation charged in the Second Superseding Indictment pursuant to 21 U.S.C. § 853; and

WHEREAS, on or about May 1, 2018, the Defendant entered a guilty plea to Count 1 of the Second Superseding Indictment, which plea included forfeiture of the following:

**a)** **One (1) White 2012 Freightliner Tractor Cab, CA License Plate No. WP76291, VIN 1FUJGLBG1CLBJ1201; and**

**b)** **One (1) White 1999 TRMLO Refer Trailer/Container, CA License Plate No. 4PR7572, VIN 1PT01ANH0X9012026; and**

WHEREAS, on May 29, 2018, this Court accepted Defendant's guilty plea; and

//

WHEREAS, pursuant to the terms of the Plea Agreement and Forfeiture Addendum between the parties, the Defendant consented to the forfeiture of all right, title and interest in all properties seized in connection with this case which were proceeds of or involved in the violations of 21 U.S.C. §§ 841(a)(1) and 846, as charged in the Second Superseding Indictment to which the Defendant entered a guilty plea; and

WHEREAS, by virtue of the facts set forth in the Plea Agreement and Forfeiture Addendum, the United States has established the requisite nexus between the forfeited properties and the offense of conviction; and

WHEREAS, by virtue of Defendant's factual admissions and guilty plea to Count 1 of the Second Superseding Indictment, said properties are hereby ordered forfeited to the United States, and it is now entitled to possession of said properties, pursuant to 21 U.S.C. §§ 853(a)(1) and (2); and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the following properties which are hereby found forfeitable by the Court, namely:

    a) **One (1) White 2012 Freightliner Tractor Cab, CA License Plate No. WP76291, VIN 1FUJGLBG1CLBJ1201; and**

    b) **One (1) White 1999 TRMLO Refer Trailer/Container, CA License Plate No. 4PR7572, VIN 1PT01ANH0X9012026; and**

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record to review, and no objections having been received.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the factual admissions of the Defendant and his guilty plea, the United States is hereby authorized to take custody and control of the following properties, and the Defendant has hereby forfeited to the United States all of his right, title, and interest to said properties pursuant to 21 U.S.C. §§ 853(a)(1) and (2) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

//

      a)      One (1) White 2012 Freightliner Tractor Cab, CA License Plate No. WP76291, VIN 1FUJGLBG1CLBJ1201; and

      b)      One (1) White 1999 TRMLO Refer Trailer/Container, CA License Plate No. 4PR7572, VIN 1PT01ANH0X9012026.

2. The aforementioned forfeited assets are to be held by Homeland Security Investigations ("HSI") in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

//

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that is the subject of the Preliminary Order of Criminal Forfeiture.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Criminal Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Criminal Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

Dated: July 31, 2018

Hon. Gonzalo P. Curiel
United States District Judge